```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FORT SMITH DIVISION
```

WAYNE MINER                                              PLAINTIFF

          v.            Civil No. 05-2018

ALTRIA GROUP, INC. and
PHILIP MORRIS USA, INC.                                 DEFENDANTS

## ORDER

NOW on this 23rd day of January 2006, comes on for consideration **defendants' Motion to Renew Motion to Transfer Venue (Doc. 12)**. The Court, being well and sufficiently advised, finds as follows:

1. Plaintiff brings this action alleging that defendants marketed and sold their cigarettes by falsely and deceptively representing that the cigarettes were "Lights" or contained "lowered tar and nicotine." (Compl. ¶ 40.) Plaintiff asserts claims for violation of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 et seq., and for unjust enrichment. Plaintiff has filed a **Motion for Class Certification (Doc. 32)**, seeking to bring the action on behalf of all consumers who have purchased defendants' Marlboro Lights and Cambridge Lights cigarettes in Arkansas, California, Colorado, and Michigan.

2. Defendants move to transfer the action to the Eastern District of Arkansas, where there is a virtually identical putative class action currently pending, Watson v. Philip Morris Cos., Inc., Case No. 4:03-CV-519GTE.

3. 28 U.S.C. § 1404(a) authorizes a district court to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice." The purpose of the section is to prevent the waste of "time, energy and money" and "to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960).

4. The Watson action was filed prior to the instant action and a motion for class certification is currently pending in Watson. If the Court grants defendants' motion to transfer, the instant action is likely to be consolidated with Watson. This would avoid duplicative litigation and conserve judicial resources. It would also facilitate expeditious pre-trial proceedings and discovery and avoid the possibility of inconsistent results.

5. While a plaintiff's choice of forum is ordinarily given great weight, where the plaintiff is a representative of a class, that forum choice is of less significance. See In re Warrick, 70 F.3d 736, 741 n.7 (2d Cir. 1995). Defendants state that they are willing to depose plaintiff in the Western District. The only inconvenience plaintiff points to if this case were transferred is that he would have to travel approximately 80 miles further to attend court proceedings in the Eastern District. This slight inconvenience is outweighed by the possibility that if the case is

not transferred, defendants face having their witnesses deposed and called to testify twice, producing discovery twice, and litigating the same facts and issues twice.

6. Based on the foregoing, the Court concludes that the convenience of the parties and witnesses and the interest of justice requires that **defendants' Motion to Renew Motion to Transfer Venue (Doc. 12)** be **GRANTED**. This case is hereby transferred to the Eastern District of Arkansas.

**IT IS SO ORDERED.**

<u>/S/JIMM LARRY HENDREN</u>
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE